IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:22-CV-01700-NYW-STV

MARK CUNNINGHAM,

    Plaintiff,

v.

LYFT, INC.,

    Defendant.

---

## SCHEDULING ORDER

---

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

    Pursuant to the Court's Order dated August 3, 2022 (Dkt. 15), the Parties hereby submit the Proposed Scheduling Order in this matter setting Initial Case Deadlines. The Scheduling Conference is set for September 20, 2022 at 9:00 a.m. in Courtroom A 402 before Magistrate Judge Scott T. Varholak.

    Plaintiff Mark Cunningham ("Plaintiff") is represented by:

John Duguay, Esq.
WILHITE, ROSE, McCLURE & SAWAYA, P.C.
1600 Ogden Street
Denver, CO 80218
303-839-1650
jduguay@sawayalaw.com

    Defendant Lyft, Inc. ("Lyft"), is represented by:

Paul J. Rupprecht, Reg. No. 42417
Sara H. Kiridly, Reg. No. 56932
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
303-861-7760
Paul.Rupprecht@lewisbrisbois.com
Sara.Kiridly@lewisbrisbois.com

2.  **STATEMENT OF JURISDICTION**

    This court has subject matter jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332(a)(2) because there is diversity of citizenship between the parties and the amount in controversy exceeds the $75,000.00 jurisdictional minimum, exclusive of interest and costs.

3.  **STATEMENT OF CLAIMS AND DEFENSES**

    a.  **Plaintiff:**   On May 9, 2019, Plaintiff was crossing the crosswalk at the intersection of 18th Street and Chestnut Street in Denver, Colorado. Bridget Ofori was the driver of a 2013 Nissan Juke, operating as a driver on the Lyft platform, and was turning left from westbound Chestnut Street onto southbound 18th Street. Ms. Ofori failed to keep a proper lookout for pedestrians in the crosswalk. As a result, the front driver's side of the Nissan struck Plaintiff on the left side of his body, at knee height, throwing him onto the hood and then the ground.

    Plaintiff was transported to the Emergency Department of Denver Health Hospital by ambulance. He reported loss of consciousness, left knee pain, right occipital pain, and back pain. On exam, a laceration of the right occiput was seen with some venous oozing as well as a left forehead abrasion and oral trauma. Plaintiff's scalp laceration was noted to be 6cm long and 5mm deep; it was closed with 9 staples. An MRI of the left hip revealed a labral tear. He stayed overnight at the hospital and was discharged with a walker.

    A subsequent left knee MRI revealed a PCL tear and medial femoral condylar full-thickness cartilage loss on either side of the joint. In September 2019, Plaintiff began receiving regular ongoing corticosteroid injections for pain in his left knee. Plaintiff's treating orthopedic doctors have indicated that he will likely need a total left knee replacement surgery; however, they have advised him to hold off as long as possible on the surgery.

    Plaintiff alleges that Ms. Ofori was acting as an employee and/or agent of Defendant Lyft at the time of the incident; and thus, Defendant Lyft is responsible for Ms. Ofori's negligence and Plaintiff's resulting damages.

    b.  **Defendant:**  Lyft is a transportation network company that operates a website, application, and technology platform (the "platform" or "Lyft platform") whereby independent contractor drivers may connect with other platform users at their discretion to provide rides pursuant to Lyft's Terms of Service.  Lyft has no personal knowledge of the alleged motor vehicle-pedestrian accident discussed in Plaintiff's Complaint.  After the alleged accident, Lyft received notice that a driver using the Lyft platform, Bridget Ofori, was transporting a passenger to her destination, when she allegedly struck Plaintiff with her car.  Plaintiff was purportedly traveling on foot.  Lyft did not hire, employ nor control Bridget Ofori.  At the time of the alleged motor vehicle-pedestrian accident, Bridget Ofori was an independent contractor driver who used the Lyft platform at her discretion to connect with other platform users looking for a ride, pursuant to Lyft's Terms of Service.

Lyft denies any express or implied allegation that it is liable for this alleged motor vehicle-pedestrian accident, and any alleged resulting injuries or damages. Lyft also denies that Ms. Ofori was an employee or agent of Lyft. Therefore, Lyft cannot be liable for the alleged accident as the only theory of recovery asserted in Plaintiff's Complaint is *respondeat superior*.

   c. **Other Parties:**

   Not applicable as there are no other parties in this action.

4. **UNDISPUTED FACTS**

   **The following facts are undisputed:**

   1. The alleged motor vehicle-pedestrian accident occurred on May 9, 2019.

   2. At the time of the alleged motor vehicle-pedestrian accident, driver Bridget Ofori was operating a 2013 Nissan Juke. Ms. Ofori had used the Lyft platform at her discretion to connect with another platform users looking for a ride, pursuant to Lyft's Terms of Service.

   3. Ms. Ofori had a passenger in the car at the time of the alleged motor vehicle-pedestrian accident (Chelsea Grey Leitch).

   4. At the time of the alleged motor vehicle-pedestrian accident, Plaintiff was crossing the street going eastbound across 18th Street, on the south side of Chestnut Street, in Denver, Colorado.

   5. At the time of the alleged motor vehicle-pedestrian accident, Ms. Ofori was turning left from westbound Chestnut Street to southbound 18th Street.

   6. Plaintiff was allegedly struck by Ms. Ofori's vehicle.

5. **COMPUTATION OF DAMAGES**

   **Plaintiff:**

   Plaintiff has requested updated medical bills and records and will update the computation of his damages upon receipt and review of additional documentation of damages. Furthermore, computation of some areas of Plaintiff's damages may require expert testimony. Plaintiff will also update his computation as necessary following the disclosure of expert opinions and reports.

   Plaintiff's current computation of damages is as follows:
   1) Economic Damages

    a. Past Medical Expenses:

| | | |
|---|---|---|
| i. | Denver Health Paramedics | $1,548.00 |
| ii. | Denver Health | $34,660.50 |
| iii. | Hangar Clinic | $2,292.01 |
| iv. | OrthoONE | $522.00 |

    Total Past Medical Expenses:    $39,022.51

    b. Future Medical Expenses:    $143,400.00
    c. Loss of Earning Capacity:    Will require expert testimony

2) Noneconomic Damages:    To be calculated by jury
3) Impairment:    To be calculated by jury

Total: $182,422.51+

**Defendant:** At this time, Lyft is not making a claim for damages pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii). Lyft reserves the right to seek recovery of its costs and fees, as appropriate.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    **a. Date of Rule 26(f) meeting.**

    September 13, 2022

    **b. Names of each participant and party he/she represented.**

    John Duguay, Esq., representing Plaintiff Mark Cunningham.

    Sara Kiridly, Esq., representing Defendant Lyft, Inc.

    **c. Statement as to when Rule 26(a)(1) disclosures were made or will be made**.

    Plaintiff: **September 20, 2022.**

    Defendant: **September 13, 2022.**

    **d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

    None.

    **e. Statement concerning any agreements to conduct informal discovery:**

The parties have not reached an agreement to conduct informal discovery, but will

consider that possibility as litigation proceeds.  The parties agree to accept service of discovery via electronic mail, to the extent possible.

    **f.**    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

        1.    Lyft has provided Plaintiff's counsel with a Proposed Stipulation and Protective Order for the purpose of maintaining confidentiality designations of documents/information throughout discovery in this matter.  Lyft is requesting that the Parties submit this Proposed Stipulation and Protective Order to the Court for its approval in advance of exchanging initial disclosures and discovery responses, so that Lyft is able to produce confidential and proprietary documents under the confidentiality provisions afforded by the Protective Order.

        2.    The parties agree to Bates label the documents they disclose or produce, whenever possible.

        3.    All disclosures will be served with a certificate.

        4.    The parties will use a unified exhibit number system beginning with the number one in depositions.

        5.    Redactions will be made with a solid black box.

    **g.**    **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

    **Plaintiff:**  Plaintiff does not anticipate that his defenses claims will involve extensive electronically-stored information or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

    **Defendant:**  Lyft does not anticipate that its defenses will involve extensive electronically-stored information or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

    **h.**    **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

On July 21, 2022, counsel had an elongated discussion regarding settlement negotiations. Counsel for Lyft awaits a settlement demand from Plaintiff's counsel, to determine if settlement is viable at this time.

**7. CONSENT**

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

**8. DISCOVERY LIMITATIONS**

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Number of interrogatories: 25 written interrogatories, pursuant to Fed. R. Civ. P. 33(a)(1).

Number of depositions: 5 depositions per side, pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i).

b. **Limitations which any party proposes on the length of depositions.**

Each deposition shall be limited to one day of up to seven (7) hours unless modified by stipulation of the parties or by Court Order. Fed. R. Civ. P. 30(d)(1).

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Number of Requests for Production: 25

Number of Requests for Admission: 25

Requests for Admission for authenticity of documents: 50

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

No later than 45 days before the discovery cutoff date.

e. **Other Planning or Discovery Orders**

1. Lyft requests a Fed. R. Civ. P. 35(a)(1) examination of the Plaintiff.

2. To the extent the parties are unable to reach an agreement on a discovery issue after conferring, they will comply with the Court's discovery dispute procedures.

9.  **CASE PLAN AND SCHEDULE**

   a.   **Deadline for Joinder of Parties and Amendment of Pleadings:   November 4, 2022.**

   b.   **Discovery Cut-off: July 14, 2023.**

   c.   **Dispositive Motion Deadline:  August 18, 2023.**

   d.   **Expert Witness Disclosure**

   1.   **The parties shall identify anticipated fields of expert testimony, if any.**

   **Plaintiff:**

   Plaintiff intends to call one or more of his treating medical providers as experts in: emergency medicine; radiology; orthopedic injuries/surgery; physical medicine, and/or pain management.

   With respect to his physical injuries, plaintiff may also retain experts in the following fields: orthopedic surgery, physical medicine, and/or pain management.

   Plaintiff may also retain a: functional capacity expert, vocational expert, and/or an economist expert.

   **Defendant:**
   1. Medical Experts:
      a. Orthopedic surgeon;
      b. Physical medicine;
      c. Pain management specialist.
   2. Economist/Accounting Expert

   2.   **Limitations which the parties propose on the use or number of expert witnesses.**

   Except for good cause shown, no more than five (5) experts per side, and one (1) expert per medical specialty, per side.

   3.   Plaintiff shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **January 6, 2023.**

   4. Defendant shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **February 3, 2023.**

   5. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 3, 2023**.

   The parties understand this includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

e. **Identification of Persons to Be Deposed:**

   **Plaintiff:**

   1. A F.R.C.P 30(b)(6) representative of Defendant Lyft;
   2. Bridget Ofori; and,
   3. Any expert disclosed by Defendant.

   **Defendant:**

   1. Plaintiff;
   2. Plaintiff's medical providers; and
   3. Any other experts disclosed by Plaintiff.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

   _____.

b. A final pretrial conference will be held in this case on December 19, 2023, at 10:30 a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

   Not applicable.

b. **Anticipated length of trial and whether trial is to the court or jury.**

4 days to a jury.

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, Courtroom A-502.**

None.

**12. NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**13. AMENDMENTS TO SCHEDULING ORDER**

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 13th day of October, 2022.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

DATED: September 13, 2022          WILHITE, ROSE, McCLURE & SAWAYA, P.C.

                                                                      By:          */s/ John Duguay*
                                                                        John Duguay, Esq.
                                                                        1600 Ogden Street
                                                                        Denver, CO 80218
                                                                        303-839-1650
                                                                        jduguay@sawayalaw.com
                                                                        *Attorneys for Plaintiff*

DATED: September 13, 2022          LEWIS BRISBOIS BISGAARD & SMITH LLP

                                                                      By:          */s/ Sara H. Kiridly*
                                                                        Paul J. Rupprecht, Reg. No. 42417
                                                                        Sara H. Kiridly, Reg. No. 56932
                                                                        1700 Lincoln Street, Suite 4000
                                                                        Denver, Colorado 80203
                                                                        303-861-7760
                                                                        Paul.Rupprecht@lewisbrisbois.com
                                                                        Sara.Kiridly@lewisbrisbois.com
                                                                        *Attorneys for Defendant Lyft, Inc.*